**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORDANA BEEBE, <br><br> Plaintiff, <br> vs. <br><br> MOBILITY, INC., D/B/A FLEXCAR AND DOES 1 TO 50, <br><br> Defendant. | CASE NO. 07CV1766 BTM (NLS) <br><br> ORDER GRANTING MOTION TO DISMISS; GRANTING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE |

    Plaintiff Jordana Beebe is a former employee of Defendant Mobility, Inc. d/b/a Flexcar. Plaintiff has filed a complaint alleging various violations of the California Labor Code such as failure to pay overtime, failure to provide meal and rest periods, failure to provide semi-monthly wages, failure to provide itemized wage statements, and failure to pay full wages upon termination. Plaintiff also alleges that Defendant required employees to sign a restrictive covenant in violation of Labor Code § 432.5, breached its employment contract with Plaintiff and engaged in unfair business practices. In her complaint, Plaintiff alleges that she brings this action on behalf of herself, as well as other former and present Flexcar employees, and seeks civil penalties pursuant to the California Private Attorney General Act (PAGA), Labor Code § 2698, et seq.

    California law authorizes the Commissioner of the Labor and Workforce Development Agency (LWDA) to assess and collect civil penalties for specified violations of the Labor

Code committed by an employer. (See e.g., Lab. Code, §§ 210, 558 and 1197.1). For the purpose of improving enforcement of existing Labor Code obligations, the Legislature enacted the PAGA to permit an aggrieved employee in a private action to collect civil penalties for Labor Code violations (suffered by the plaintiff and other employees) which previously could only be collected by state agencies in enforcement actions. Labor Code § 2699. The penalties collected in these private civil actions are to be distributed 75 percent to the State and 25 percent to the aggrieved employee. Labor Code § 2699(I). See Caliber Bodyworks, Inc. v. Superior Court, 134 Cal App. 4th 365, 374-75 (2005) for a more detailed background and explanation of PAGA.

Defendant Flexcar has filed the following three motions challenging various aspects of Plaintiff's Complaint : (1) motion to dismiss Plaintiff's sixth cause of action for violation of Labor Code § 432.5; (2) motion for summary judgment on Plaintiff's fourth cause of action for failure to provide bi-monthly wages; and (3) motion to strike. The Court examines each of these motions in turn.

1.    <u>Motions to Dismiss and Strike the Sixth Claim</u>

A motion to dismiss for failure to state a claim will be denied unless it appears that "no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,</u> 792 F.2d 1432, 1435 (9th Cir. 1986).

In her sixth cause of action, Plaintiff alleges that Defendant required its employees to sign a restrictive covenant in violation of Business and Professions Code § 16600 which provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void." Plaintiff argues that this in turn violates Labor Code § 432.5 which prohibits employers from requiring employees to "agree, in writing, to any term of condition which is known by such employer . . . to be prohibited by law." In this cause of action, Plaintiff seeks penalties under the PAGA for the alleged violation of § 432.5. Defendant argues that this cause of action should be dismissed on the ground that the restrictive covenant at issue is lawful on its face.

1     Defendant's employment agreement contained the following restrictive covenant:

> Unless Employee receives the prior express written permission of Employer, Employee shall not, during the term of Employee's employment and the two (2) years after termination of his employment, solicit or attempt to solicit, directly or indirectly or by assisting others, any work, services, goods, or other business from any of (sic) Business Contacts of Employer with whom Employee had material contact in the two (2) years prior to his termination of employment. For purposes of this Agreement, "material contact" shall mean interaction between Employee and the Business Contact which takes place in an effort to continue and/or expand the relationship and/or service between Employer and the Business Contact, and which involves the use of Employer's confidential information. (Exhibit A)

The term Business Contact is defined as " non-public lists of actual or prospective clients, customers, suppliers, vendors, or investors provided to Employee by Employer or developed or learned by Employee while employed by Employer." (Id.)

    California courts have held that covenants prohibiting employees from soliciting the clients of their former employer are void under §16600 except where the restriction is necessary for the protection of trade secrets. Thompson v. Impaxx, Inc., 113 Cal. App. 4th 1425, 1427 (2003); American Credit Indemnity Co. v. Sacks, 213 Cal. App. 3d 622, 634 (1989) ("In the absence of a protectable trade secret, the right to compete fairly outweighs the employer's right to protect clients against competition from former employees.") Whether information constitutes a trade secret is a question of fact. Thompson, 113 Cal. App. 4th at 1430-31. "Labeling information as trade secret or as confidential information does not conclusively establish that the information fits this description." Id.

    Defendant contends that the restrictive covenant at issue is valid as a matter of law because it only prohibits solicitation of certain business contacts and does not "limit Plaintiff from engaging in an entire profession, trade, or business." (Defendant's Memorandum of Points and Authorities pps. 3- 4). The Court disagrees. As set forth above, California courts have clearly voided anti-solicitation clauses as unfair restraints of trade unless their purpose is the protection of trade secrets. See, e.g., Thompson, 113 Cal. App. 4th at 1429. Whether Defendant's covenant restricting solicitation of "Business Contacts" actually protects trade secrets or other confidential, proprietary material would be an issue of fact. On its face, the restrictive covenant prohibits employees from contacting Defendant's actual and prospective clients that are on a non-public list obtained through employment with the Defendant, if the

1  employees had contact with the client involving the Employers' confidential information.  In
2  order to determine whether these restrictions are necessary for protection of the Defendant's
3  trade secrets, the Court would need to resolve questions such as (1) whether these "non-
4  public" customer lists contain information generally available through public sources or
5  contain information requiring the expenditure of time, effort and/or prior business dealings;
6  and (2) whether the secrecy of this "non-public" list provides Defendant with a "substantial
7  business advantage."  <u>Morlife v. Perry</u>, 56 Cal. App. 4th 1514, 1521-22 (1997).  Because
8  these are factual determinations which the Court does not engage in at this procedural stage,
9  the Court concludes that Plaintiff's sixth cause of action should not be dismissed on this
10 ground.

11  Nevertheless, the Court concludes that Plaintiff's sixth cause of action should be
12 dismissed on the ground set forth in Defendant's motion to strike.  The Court agrees with
13 Defendant's argument  that Plaintiff is not entitled to relief under Labor Code § 432.5 which
14 proscribes only agreements that are "prohibited by law" rather than those that are void.

15  Plaintiff likens the instant case to <u>Baker Pacific Corporation v. Shuttles</u>, 220 Cal. App.
16 3d 1148, 1153 (1990) and urges the Court to be persuaded by its logic.  In <u>Baker</u>, the
17 defendant required its employees to sign a release for fraud and intentional acts as a
18 condition of employment despite the fact that such releases are proscribed by Civil Code
19 section 1668 as follows: "All contracts which have for their object . . . to exempt anyone from
20 responsibility for his own fraud, or wilful injury . . . are against the policy of law."  <u>Id.</u>
21 at 1154.  The <u>Baker</u> court rejected as circular and unintelligible defendant's argument that
22 because such a release would be "of no force or effect," it could not be contrary to law.  <u>Id.</u>

23  The Court finds that the <u>Baker</u> case is distinguishable from the instant case in one
24 important aspect.  Unlike Civil Code §1668 which pronounces proscribed releases "against
25 the policy of the law," §16600 specifically states that covenants in restraint of trade will be
26 *void*.  Nothing in the statute precludes employers or employees from entering into restrictive
27 covenants. § 16000 makes those agreements in restraint of trade unenforceable.  Defendant
28 therefore has a valid argument that §16600 *voids* restrictive covenants rather than prohibits

them. A comparison to Civil Code § 1668 strengthens, rather than weakens, Defendant's position. The plain language of Labor Code § 432.5 appears to apply only to contracts that are specifically declared unlawful such as those declared by Civil Code §1668 to be "against the policy of the law." Because §16600 only *voids* restrictive covenants in restraint of trade, the Court holds that Labor Code § 432.5 does not apply.[1]

Here, Plaintiff does not seek a declaratory judgment or any other relief under §16600. Plaintiff only seeks penalties for a violation Labor Code § 432.5. Because the Court finds that no violation of § 432.5 occurred, the Court therefore GRANTS Defendant's motions to dismiss and strike the sixth cause of action.[2]

2.  <u>Motion for Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In considering a motion for summary judgment, the Court must examine all of the evidence in the light most favorable to the non-moving party. <u>United States v. Diebold. Inc.</u>, 369 U.S. 654, 655 (1962).

Plaintiff's fourth cause of action alleges that Defendant paid its employees only once per month and, therefore, violated Labor Code § 204 which provides as follows:

> All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any

---

[1] In reaching this conclusion, the Court is persuaded by similar logic set forth in <u>Edwards v. Arthur Andersen</u>, 142 Cal. App. 4th 603, 631 n.10 (2006) *review granted by* 52 Cal. Rptr. 3d 86 (2006) The Court is aware that review has been granted in this case. If this portion of the opinion is reversed upon review, the parties may ask the Court to reconsider its ruling in this matter.

[2] The Court agrees that Plaintiff failed to plead that Defendant knew it was requiring an agreement that was prohibited by law. The Court would normally grant leave to amend to address this deficiency. In this instance, however, any amendment regarding Plaintiff's request for PAGA damages would be futile for the reasons just set forth.

>calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. . . . The requirements of this section shall be deemed satisfied by the payment of wages . . . if the wages are paid not more than seven calendar days following the close of the payroll period.

Plaintiff seeks penalties for Defendant's failure to make semi-monthly wage payments to her and other employees pursuant to the PAGA and Labor Code § 210, which specifies civil penalties for the violation of Labor Code § 204.

Defendant moves for summary judgment of this claim on the ground that the statute of limitations bars Plaintiff's claim for penalties. Because Plaintiff seeks a civil penalty under the Labor Code, the applicable statute of limitations is one year. Cal. Code Civ. Proc. § 340(a); McCoy v. Superior Court, 157 Cal. App. 4th 225 (2007). In support of this motion, Defendant has provided undisputed evidence that it started paying its employees on a semi-monthly basis staring in the month of July 2006, i.e. Defendant paid its employees their salary on June 30, 2006 and thereafter on July 14, 2006, July 31, 2006, etc. (Millard Decl. 3-4) It is also undisputed that Plaintiff wrote a letter to the California Labor and Workforce Development Agency ("LWDA") on June 29, 2007 complaining of this employment practice among others.

Defendant contends that by June 29, 2007 when Plaintiff filed her complaint with the LWDA, the one year statute of limitations had already expired. On the other hand, Plaintiff contends that the statute did not commence running until July 31, 2006 because that is the first date upon which Defendant paid its employees for the second time in one month.

Contrary to the Plaintiff's position, the statute of limitations does not start running when a wrong is remedied. Rather, the statute of limitations starts running when a cause of action accrues i.e. when a plaintiff has the right to sue on a cause of action. Hogar Dulce Hogar v. Community Development Com'n of City of Escondido, 110 Cal. App. 4th 1288, 1295 (2003). "When an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period." Id. The continuing accrual rule has been applied in a variety of actions involving the obligation to make periodic payments under California statutes or regulations.  Id. citing Jones v. Tracy School Dist., 27 Cal.3d 99,

105-107 (1980). "[T]he wrong that triggers the running of the statute of limitations is the violation of the statute." <u>Church v. Jamison</u>, 143 Cal. App. 4th 1568, 1583 n. 25 (2006).

Where the alleged wrong is violation of Labor Code § 204, an employer commits a wrongful act or violation of statute each time it (1) fails to pay wages by the 26th day of the month for wages earned from the 1st to the 15th day of that month and (2) fails to pay wages by the 10th day of the month for wages earned from the 16th to the last day of the preceding month. Here, Defendant paid its employees on June 30, 2006 for the wages earned in the month of June and commenced paying its employees the requisite semi-monthly wages in July of 2006. The last time that Defendant violated Labor Code 204 was therefore on June 26, 2006 when it failed to pay its employees for the wages they earned from June 1, 2006 to June 15, 2006. By paying its employees wages for the month on June 30, 2006, Defendant satisfied its requirement of paying wages from June 15 to June 30 before the seven days after the close of the payroll period. Plaintiff's cause of action for violation of § 204 therefore last accrued on June 27, 2006 and the one year statute of limitations ran one year later on June 27, 2007. Because Plaintiff did not file her complaint with the LWDA until June 29, 2007, her claims regarding the violations of Labor Code § 204 are barred by the statute of limitations. Plaintiff's reliance on tolling under Labor Code § 2699.3(d) is unavailing as the statute of limitations had expired before Plaintiff filed a complaint with the LWDA. For the above reasons, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's fourth cause of action and dismisses that claim with prejudice.

3.  <u>Motion to Strike</u>

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir.1983).

Defendant moves to strike portions of Plaintiff complaint on three additional grounds as set forth below. First, Defendant moves to strike the portions of Plaintiff's complaint

seeking penalties on behalf of current employees claiming that all current employees have signed arbitration agreements that cover wage and hour claims and other disputes raised in the Complaint. The Defendant however has provided no evidence showing that all current employees have signed the alleged arbitration agreement.[3] The Court declines to strike portions of Plaintiff's complaint based on Defendant's unsupported allegations that all current employees have signed arbitration agreements.[4]

The Court next considers Defendant's motion to strike portions of Plaintiff's complaint which request unpaid wages on behalf of other employees pursuant to the PAGA and Labor Code § 558.

Labor Code § 558 provides:

> "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($ 50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) **Wages** recovered pursuant to this section shall be paid to the affected employee. (Emphasis added.)

Both parties agree that the PAGA permits a Plaintiff to collect only penalties and not wages on behalf of other employees. Labor Code § 2699. The parties dispute, however, whether the "amount sufficient to recover underpaid wages" specified in Labor Code § 558 constitutes wages or a penalty calculated based on unpaid wages.

The Court agrees with Defendant that Plaintiff's claims for amounts in addition to the

---

[3] Defendant attached as Exhibit A to its motion to strike a copy of an unsigned arbitration agreement. This alleged arbitration agreement was unsupported by a declaration identifying it and attesting to its authenticity. Defendant provided no further evidence regarding which employees, if any, signed this agreement. After Plaintiff pointed out these infirmities in its Opposition, Defendant attached to its reply brief copies of arbitration agreements signed by *some* of its employees. (Millard Decl.at 3.) Defendant has therefore provided no evidence that *all* of its current employees have signed arbitration agreements which cover wage and hour disputes.

[4] Even assuming all current employees have signed arbitration agreements, it is doubtful whether these arbitration agreements would bar Plaintiff's PAGA claims against Defendant. As explained above, the nature of a PAGA action is to collect penalties that would otherwise have been collected by the LWDA, not damages or unpaid wages that would be collected by the individual employees. The Court however declines to reach this issue at this time and will address this question if and when properly raised by the parties.

flat sums specified in Labor Code § 558 should be stricken because they represent wages rather than a penalty.  The plain language of Labor Code § 558 allows the Labor Commissioner to perform two separate functions: (1) to collect penalties in the $50 and $100 amounts specified on its own behalf; and (2) to recover "an amount sufficient to recover underpaid *wages*" and pay the "*wages* recovered" to affected or underpaid employees. (Emphasis added.)  Contrary to the Plaintiff's position, the "amounts sufficient to recover underpaid wages" is not included in the penalty to be collected by the Labor Commissioner but rather constitutes wages which the Commissioner collects on behalf of previously underpaid employees.

Plaintiff argues that the additional amounts specified in Labor Code § 558 are not wages but rather a penalty that is calculated in terms of unpaid wages.  In support of this argument, Plaintiff analogizes to Labor Code § 210 which sets a penalty of $50 dollars for initial violations and $100 plus "25 percent of the amount unlawfully withheld" for subsequent violations.  Unlike § 558, however, § 210 does not refer to the additional 25 percent amount as wages nor mandate that they be returned to the employees who were underpaid.[5] Plaintiff's argument that Labor Code § 558 similarly provides a penalty which is measured by the amount of unpaid wages would be convincing if the statute itself did not refer to these amounts as "wages" and require that they be paid to the employees who earned them, rather than collected by the Labor Commissioner as a penalty.  As is, the plain language of Labor Code §558 clearly indicates that the additional amounts are underpaid wages rather than a penalty which can be recovered by Plaintiff in lieu of the Labor Commissioner.  The Court therefore GRANTS Defendant's motion to strike the portions of the Plaintiff's complaint which request sums in the amount of underpaid wages pursuant to Labor Code § 558 on behalf of other employees.

Finally, Defendant moves to strike portions of the complaint seeking relief on behalf of

---

[5] The Court finds the analogy to Labor Code section 203 similarly unconvincing. The penalty provided in that section is not a civil penalty to be collected by the Labor Commissioner (and thus by plaintiffs under PAGA) but rather a penalty that the underpaid employee is entitled to collect.

1 employees other than Plaintiff on the ground that Plaintiff failed to allege detailed facts and
2 legal theories, including the identities of the employees "by name or job title" for whom Plaintiff
3 seeks penalties. This level of detail is not required by the liberal pleading standards contained
4 in Federal Rule of Civil Procedure 8 which only requires a "short and plain statement of the
5 claim showing that the pleader is entitled to relief." The Court therefore holds that the lack of
6 detail concerning the other alleged employees suffering similar wage and hour violations does
7 not justify striking these claims as "redundant, immaterial, impertinent, or scandalous"
8 pursuant to Rule 12(f). The Court therefore DENIES Defendant's motion to strike the
9 portions of Plaintiff's complaint seeking relief on behalf of other employees.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [Doc. No. 2] is GRANTED; Defendant's Motion for Summary Judgment [Doc. No. 7] is GRANTED; and Defendant's Motion to Strike [Doc. No. 3] is DENIED IN PART AND GRANTED IN PART. IT IS SO ORDERED.

DATED: February 20, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge